UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RANDALL HUTCHISON, | : | Case No. 2:24-cv-3705 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| PRESIDENT JOE BIDEN, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

Plaintiff, a former federal prisoner currently in state custody at the Correctional Reception Center, in Orient, Ohio, has filed a civil rights Complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). (*See* Doc. 1-1 through 1-6).[2] Plaintiff brings three distinct groups of claims against twenty-nine federal, state, and local government officials and entities[3]—the first group of claims challenges Plaintiff's federal and state convictions; the second group challenges his vexatious-litigator status in the state courts; and the third group challenges conditions of confinement he was allegedly subjected to at the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "*Bivens* extends the protections afforded under § 1983 to parties injured by federal actors." *Ross v. United States*, No. 3:24-CV-386, 2024 WL 4376155, at *1 (E.D. Tenn. Oct. 1, 2024).

[3] Plaintiff names the following Defendants: President Joe Biden, United States Secret Service, U.S. Department of Justice, Unit Manager Hernandez, Sergeant Bennett, Investigator Brown, "BOCR K. Hauswirth," Case Manager Tomesek, Protective Control Committee, Chief Institutional Inspector Lambert, Institutional Inspector Jenkins, Warden Swartz, Ms. Annette Chambers-Smith, Ohio Supreme Court, U.S. Representative Alexandria Cortez, (alternatively referred to by Plaintiff as Alexandria Ocasio-Cortez), U.S. Representative Ilhan Omar, Chief Unit Manager Mendoza, U.S. Representative Rashida Tlaib, Licking County Prosecutor, Licking County Judge W. David Branstool, U.S. Magistrate Judge Kimberly Jolson, U.S. Magistrate Judge Chelsey Vascura, U.S. District Judge Sarah Morrison, U.S. District Judge Edmund Sargus, Jr., Sixth Circuit Judicial Council, Ohio Attorney General David Yost, Governor Michael DeWine, U.S. Attorney Southern District of Ohio, and U.S. Attorney General Merrick Garland. (Doc. 1-1, at PageID 9, 12-14).

Toledo Correctional Institution (ToCI). By separate order, Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court are Plaintiff's motions to comply (Doc. 4) and to amend his Complaint (Docs. 6; 7; 8).

For the reasons set forth below, Plaintiff's Complaint (Doc. 1-1 through 1-6) should be **DISMISSED**; Plaintiff's motions to amend (Docs. 6; 7; 8) should be **DENIED**; and Plaintiff's Motion to Comply (Doc. 4) should be **DENIED as moot**.

**Screening of Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has

no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than

3

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

The following background is taken from Plaintiff's federal criminal matter, *Hutchison v. United States*, No. 2:09-cr-294 (S.D. Ohio) (Doc. 121, at PageID 319):[4]

> On March 18, 2010, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to conspiracy to falsely make, alter and pass obligations of the United States and falsely making one or more counterfeit obligations of the United States. (Doc. 30). On March 15, 2011, the Court imposed a term of 24 months' imprisonment to be followed by three years of supervised release. (Doc. 52). In February 2015, Petitioner was arrested for violating the terms of his supervised release due to the filing of new criminal charges involving felonious assault on a police officer. (See Docs. 78–80). On August 20, 2015, the Court imposed a term of 24 months' imprisonment for the violation of the terms of Petitioner's supervised release. (Docs. 100, 101). Petitioner did not file an appeal.
>
> \*\*\*
>
> On November 9, 2016, Petitioner was released from custody of the Federal Bureau of Prisons and transferred to the custody of the Ohio Department of Rehabilitation and Corrections at the Toledo Correctional Institution where he began serving his sentence on state criminal charges. (Doc. 120, PAGEID # 315).

---

[4] The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

Here, as set forth above, the Court understands Plaintiff's Complaint to assert three groups of claims.  Plaintiff's first group of claims alleges that he is innocent of the charges underlying his federal and state convictions and that federal, state, and local authorities withheld, concealed, or destroyed evidence establishing his innocence and falsified or fabricated evidence against him. (Doc. 1-1, at PageID 15-17, 23, 25, 41).  In support of these claims, Plaintiff includes vague and conclusory allegations of ineffective assistance of counsel (*id*., at PageID 16-17, 25); state-court judicial bias (*id*.; *see also* Doc. 1-4); and wrongdoing against various federal, state, and local officials (Doc. 1-1, at PageID 16-21, 24-25, 27-32, 40).  Plaintiff also seems to allege state-law claims of defamation related to his convictions.  (*Id*. at PageID 30, 41).

Plaintiff's second group of claims are interwoven in Plaintiff's first group of claims.  In the second group, he alleges that the Ohio Supreme Court improperly declared him to be a vexatious litigator during a state-court writ of mandamus action.  (*Id*. at 19, 21-22).  Plaintiff also states that he is a "hacktivist," who has attacked the computer systems of various governmental organizations and "when the courts reject and further attempt to deny [his] rights . . . will further push Ransom[e]ware attacks to gain full media attention."  (Doc. 1-1, at PageID 18, 20; *see also* Doc. 7, at PageID 177).

In his third group of claims, Plaintiff alleges that various prison staff violated his rights while he was incarcerated at ToCI by failing to protect him from other inmates, using excessive force, forcing him to break rules to be placed into solitary confinement, passing his legal mail to other inmates, and retaliating against him. (Doc. 1-1, at PageID 34-40; *see also* Docs. 1-2; 1-3).[5]

---

[5] To the extent that Plaintiff also mentions the Ross Correctional Institution (RCI) in his Complaint, it appears he does so by way of background.  (*See* Doc. 1-1, at PageID 34).  Plaintiff does not bring claims related to his time at RCI. (*See id*.).

For relief, Plaintiff seeks monetary and injunctive relief. (Doc. 1-1, at PageID 42; *see also* Doc. 1-6).

**C.     Analysis**

For the following reasons, Plaintiff's Complaint is subject to dismissal in its entirety. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**Plaintiff's First Group of Claims Is Barred by *Heck***

The first group of claims in Plaintiff's Complaint asserts challenges to his federal and state convictions based on allegations of withheld and falsified evidence, ineffective assistance of counsel, state-court judicial bias, and/or wrongdoing against various federal, state, and local officials. (*See, e.g.*, Doc. 1-1, at PageID 15-17, 23, 25, 41). Plaintiff appears to assert these claims against "all federal defendants" (*see* Doc. 1-1, at PageID 29), the Licking County Prosecutor (*id*. at PageID 15), Licking County Judge W. David Branstool (*id*. at PageID 16), and Governor Michael DeWine, who Plaintiff asserts was the Ohio Attorney General at the time in question (*id*. at PageID 19).[6] Plaintiff's first group of claims is subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that a civil action seeking money damages under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. The

---

[6]Although Plaintiff states that his first group of claims is being brought against "all federal defendants," (Doc. 1-1, at PageID 29), he goes on to clarify that he is "only seeking U.S. House [M]embers Tlaib, Omar, Ocasio-Cortez . . . as over-sight because they have power and authority behind impeachment, and invoke federal proceedings." (Doc. 1-1, at PageID 33-34). Absent any specific factual allegations of wrongdoing against these Defendants, the Complaint should be dismissed against them. *See Pierson v. Neil*, No. 1:19-CV-843, 2019 WL 5781948, at *2 (S.D. Ohio Nov. 6, 2019), *report and recommendation adopted*, No. 1:19CV843, 2021 WL 1996560 (S.D. Ohio May 19, 2021).

holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). *Heck*'s litigation bar applies with equal force to claims under *Bivens*. *See Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) ("We have previously extended *Heck* to *Bivens* actions.") (citing *Robinson v. Jones,* 142 F.3d 905, 906–07 (6th Cir. 1998)). Here, Plaintiff does not allege that his federal or state convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus. Because Plaintiff's first group of claims seek to undermine the validity of his federal and state convictions, these claims are barred by *Heck*.

Additionally, although the Court does not reach the issue given the above-discussed *Heck* bar, Plaintiff's first group of claims also face other significant hurdles, including sovereign, judicial, and prosecutorial immunities. *See, e.g. Simmons v. Fitzpatrick*, No. 522CV00757, 2022 WL 7666973, at *4 (N.D.N.Y. July 29, 2022), *report and recommendation adopted*, No. 522CV00757, 2022 WL 7508816 (N.D.N.Y. Oct. 13, 2022) (noting that "even if the *Heck* bar could be cured at a future date, Plaintiff's claims most likely would be barred by judicial, prosecutorial, and Eleventh Amendment immunity" and recommending dismissal without leave to amend); *Turner v. Castellanos*, No. 20-CV-01152, 2020 WL 1929371, at *1, n.1 (N.D. Cal. Apr. 21, 2020) (dismissing the Plaintiff's claims under *Heck* but noting that the "claims are also likely barred by the doctrines of judicial and prosecutorial immunity") (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity)); *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") (internal quotation marks omitted).

Moreover, to the extent that Plaintiff requests the Court to press charges against any of Defendants (*see* Doc. 1-1, at PageID 22-23, 25), the Court cannot provide the remedy he seeks. Not only are Plaintiff's allegations of official wrongdoing vague and conclusory in violation of federal pleading requirements, *see Iqbal*, 556 U.S. at 678, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973).

Accordingly, Plaintiff's first group of claims should be dismissed without prejudice as barred by *Heck*. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019).

**Plaintiff's Second Group of Claims Is Barred by *Rooker-Feldman***

In his second group of claims, Plaintiff challenges Defendant Ohio Supreme Court's determination that he is a vexatious litigator. (Doc. 1-1, at PageID 19, 21-22). Plaintiff claims that, as a result of this designation, Ohio Supreme Court Justice Sharon Kennedy "refuses to allow [him] to file a Writ of Mandamus or even compel Judge W. David Branstool to rule on [his] motion." (*Id.*, at PageID 19).

As this Court has previously explained:

> The concrete actions that give rise to plaintiff's claims for relief arise solely from actions taken by the defendant in the state-court proceedings and from the state court's substantive rulings in those proceedings. Construing the complaint liberally, it can only be interpreted as a request for review of the court's judgment in the state court case. Although plaintiff has alleged that defendant engaged in misconduct during the state proceedings by entering into a conspiracy and obstructing justice, the source of plaintiff's injury derives solely from defendant's state court judicial determination that plaintiff is a vexatious litigator under Ohio state law. *Cf. Hillman v. Edwards,* No. 2:11–cv–601, 2011 WL 4711979, at *2 (S.D. Ohio Oct. 6, 2011) (rejecting the argument that the plaintiff stated an "independent claim" to the extent the "underlying state action was based on allegations that the named Defendant engaged in misconduct"). Plaintiff's claims

>before this Court seeking reversal of defendant's judicial determinations are precisely the type of claims barred by *Rooker–Feldman.*
>
>***
>
>It is clearly established that lower federal courts do not have jurisdiction to review and determine the validity of state court judgments even if, as here, a plaintiff claims that his federal constitutional rights were violated at the state level. *See* [*District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).] Because plaintiff seeks to have this Court reverse defendant's state level judicial decision, he cannot avoid application of the *Rooker–Feldman* doctrine.

*Easterling v. Rudduck*, No. 1:14-CV-876, 2015 WL 1567844, at *3 (S.D. Ohio Apr. 6, 2015), *report and recommendation adopted*, No. 1:14CV876, 2015 WL 2452437 (S.D. Ohio May 21, 2015). "Accordingly, to the extent Plaintiff seeks to 'vacate' the Supreme Court's order, Plaintiff's claim is plainly barred by *Rooker-Feldman* and should be dismissed." *Tingler v. Kennedy*, No. 2:23-CV-911, 2023 WL 5509517, at *5 (S.D. Ohio Aug. 25, 2023), *report and recommendation adopted*, No. 2:23-CV-0911, 2023 WL 6646598 (S.D. Ohio Oct. 12, 2023) (citing *Lloyd v. Pokorny*, No. 22-3321, 2023 WL 3294531, at *2 (6th Cir. Jan. 23, 2023), *cert. denied*, 143 S. Ct. 2620 (2023)).

Plaintiff's second group of claims should therefore be dismissed with prejudice as barred by the *Rooker–Feldman* doctrine. *See, generally, Wilkins v. S. Ohio Corr. Facility*, No. 1:21-CV-260, 2022 WL 2440392, at *1 (S.D. Ohio July 5, 2022).

### Plaintiff's Third Group of Claims Is Improperly Joined

In Plaintiff's third group of claims, he challenges prison conditions he was allegedly subjected to while housed at ToCI. (Doc. 1-1, at PageID 34-40; *see also* Docs. 1-2; 1-3). A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law

or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018); *see also Harris v. Erdos*, No. 1:21-CV-104, 2022 WL 3053496, at *7 (S.D. Ohio Aug. 3, 2022). Under Federal Rule of Civil Procedure 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp.2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original). Further, to avoid any prejudice to the plaintiff, an order severing and dismissing unrelated claims "is to operate as a severance and subsequent dismissal" of the severed claims, "thereby tolling the statute of limitations as to those claims." *Harris*, 2022 WL 3053496, at *7.

The Court looks to a plaintiff's "first set of factual allegations in determining which portion of the action should be considered related." *Conley v. Hess,* No. 1:20-CV-168, 2020 WL 2393759, at *4 (W.D. Mich. May 12, 2020). Here, Plaintiff's first and second groups of claims relate to the validity of his federal and state convictions and his state-court vexatious-litigator status. However, his remaining third group of claims relate to alleged conditions of confinement at ToCI. (*See* Doc.

10

1-1, at PageID 34-40; *see also* Docs. 1-2; 1-3). These claims are factually distinct from the first two groups of claims and do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). Rather, they assert allegations against "prison staff," (*see* Doc. 1-1, at Page ID 34; *see also* Docs. 1-2, 1-3), who are not involved in either of Plaintiff's first two groups of claims, and concern events that allegedly occurred in this Court's Northern District.[7]

Because Plaintiff has improperly included his third group of claims in this action, it should be dismissed without prejudice to Plaintiff re-filing a separate action or actions in the proper judicial district including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.

### Plaintiff's Motions to Amend Should Be Denied

Plaintiff has filed three motions to amend. (Docs. 6; 7; 8). In one motion, Plaintiff seeks to substitute President-elect Donald Trump for President Joe Biden. (Doc. 6, at PageID 170). In the second, Plaintiff seeks to substitute Matt Gaetz for United States Attorney General Merrick Garland. (Doc. 7, at PageID 177). In the third, Plaintiff seeks to remove "U.S. Reps. Ilhan Omar, Rep. Tlaib, Ocasio-Cortez" from his Complaint and to receive other relief that is confusing and largely incomprehensible. (Doc. 8, at PageID 180-85). Generally, a Plaintiff may amend his or her complaint or petition once "as a matter of course within . . . 21 days after serving it, or . . . if

---

[7]To the extent that Plaintiff attempts to achieve relatedness by bringing some of the Defendants from his first group of claims into his third group of claims through allegations that he was a federal confidential informant or they were aware of the alleged failure to protect, (*see* Doc. 1-3, at PageID 49-50), his efforts are unavailing. *See, e.g., Versatile v. Kelly*, 3:11CV308, 2012 WL 1267896, at *4 (E.D. Va. Apr. 13, 2012) ("[T]he fact that Claim A shares two out of twenty defendants in common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim B are appropriately united in a single action" (quoting *Ghashiyah v. Frank*, No. 05–C–0766, 2008 WL 680203, at * 2 (E.D. Wis. Mar. 10, 2008))). Further, in light of this Court's previous rejection of a similar claim, the Court questions whether any Defendant from the first group of claims would have a duty to intervene with the Ohio Department of Rehabilitation and Correction. *See Hutchison*, No. 2:09-cr-294 (Doc. 129, at PageID 362).

11

the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). However, "the Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." *Griffith v. Whitesell,* No. 3:08-0385, 2008 WL 3852415 at *5 (M.D. Tenn. Aug. 14, 2008) (citing *Neighborhood Dev. v. Advisory Council, Etc.,* 632 F.2d 21, 23 (6th Cir. 1980)). The Court has outlined above why Plaintiff's action is subject to dismissal. Plaintiff's motions to amend (Docs. 6; 7; 8) do not cure the defects in his Complaint. Further, as set forth above in footnote 6, Plaintiff's Complaint does not contain any allegations against Defendants Tlaib, Omar, or Ocasio-Cortez, and they are already subject to dismissal for this reason. *See Pierson v. Neil*, No. 1:19-CV-843, 2019 WL 5781948, at *2 (S.D. Ohio Nov. 6, 2019), *report and recommendation adopted,* No. 1:19CV843, 2021 WL 1996560 (S.D. Ohio May 19, 2021). Accordingly, Plaintiff's motions to amend (Docs. 6; 7; 8) should be **DENIED**.

### Plaintiff's Motion to Comply Should Be Denied

Finally, Plaintiff has filed a motion to comply seeking an Order directing "the prison to make [him] sign for [his] legal mail." (Doc. 4, at PageID 163). Plaintiff asserts that prison staff have mistakenly passed his legal mail out to other prisoners during mail call. (Doc. 4, at PageID 163-64). As Plaintiff's motion addresses alleged mail issues at ToCI, where he was incarcerated at the time he filed his motion to comply (*see* Doc. 4, at PageID 165), it should be **DENIED as moot**. Plaintiff is currently housed at the Correctional Reception Center (*see* Doc. 5) and has not alleged any difficulty in getting his legal mail at that institution.

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's first group of claims **WITHOUT PREJUDICE** as barred by *Heck*, *see Sampson*, 917 F.3d at 882;

**DISMISS** Plaintiff's second group of claims **WITH PREJUDICE** for failure to state a claim upon which relief can be granted, *see Wilkins*, 2022 WL 2440392, at *1; **SEVER** and **DISMISS WITHOUT PREJUDICE** Plaintiff's unrelated third group of claims, *see* Fed. R. Civ. P. 20(a)(2); 21; and **DISMISS** Defendants Tlaib, Omar, and Ocasio-Cortez **WITH PREJUDICE** for failure to state a claim upon which relief can be granted; *see Pierson*, 2019 WL 5781948, at *2. It is further **RECOMMENDED** that the Court **DECLINE to exercise supplemental jurisdiction** over any remaining state-law claims (*see* Doc. 1-1, at PageID 30, 41), pursuant to 28 U.S.C. § 1367, and **DISMISS** such claims **WITHOUT PREJUDICE**; **DENY** Plaintiff's motions to amend (Docs. 6; 7; 8); and **DENY** Plaintiff's motion to comply (Doc. 4) **AS MOOT**.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Plaintiff's first group of claims **WITHOUT PREJUDICE** as barred by *Heck*, *see Sampson*, 917 F.3d at 882.

2. The Court **DISMISS** Plaintiff's second group of claims **WITH PREJUDICE** for failure to state a claim upon which relief can be granted, *see Wilkins*, 2022 WL 2440392, at *1.

3. The Court **SEVER** and **DISMISS WITHOUT PREJUDICE** Plaintiff's unrelated third group of claims, *see* Fed. R. Civ. P. 20(a)(2); 21.

4. The Court **DISMISS** Defendants Tlaib, Omar, and Ocasio-Cortez **WITH PREJUDICE** for failure to state a claim upon which relief can be granted. *See Pierson*, 2019 WL 5781948, at *2.

5. The Court **DECLINE to exercise supplemental jurisdiction** over any remaining state-law claims, pursuant to 28 U.S.C. § 1367, and **DISMISS** such claims **WITHOUT PREJUDICE**.

6. The Court **DENY** Plaintiff's motions to amend (Docs. 6; 7; 8) and **DENY** Plaintiff's motion to comply (Doc. 4) **AS MOOT**.

7. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

December 6, 2024                      *s/Peter B. Silvain, Jr.*
                                                       Peter B. Silvain, Jr.
                                                       United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).