# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RANDALL HUTCHISON,** | : |
| | : |
| **Plaintiff,** | : |
| | : Case No. 2:24-cv-3705 |
| v. | : |
| | : **JUDGE ALGENON L. MARBLEY** |
| **PRESIDENT JOE BIDEN,** *et al.*, | : |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R", ECF No. 10) that Plaintiff Randall Hutchison's Complaint (ECF No. 1) be dismissed; and that his Motions to Amend (ECF Nos. 6, 7, 8) be denied.

For the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's R&R in its entirety (ECF No. 10). Plaintiff's claims challenging his convictions and unrelated claims challenging the conditions of his TCI confinement are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's claims challenging his vexatious litigator status in Ohio courts are **DISMISSED WITH PREJUDICE**; Plaintiff's Motions to Amend (ECF Nos. 6, 7, 8) and Motion to Recuse (ECF No. 13) are **DENIED**; and Plaintiff's Motion to Comply (ECF No. 4), Motion to Replace Party (ECF No. 11) and Motion for Discovery (ECF No. 12) are **DENIED AS MOOT**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## I. BACKGROUND

### A. Factual Background

Mr. Hutchison is a state inmate at the Correctional Reception Center in Orient, Ohio. On March 18, 2010, he pleaded guilty to conspiracy to falsely make, alter and pass obligations of the United States and falsely making one or more counterfeit obligations of the United States. *Hutchison v. United States*, No. 2:20-CV-1722, 2020 U.S. Dist. LEXIS 131306, at *1 (S.D. Ohio July 24, 2020) (internal citations omitted). On March 15, 2011, the Court imposed a term of 24 months' imprisonment to be followed by three years of supervised release. *Id.* In February 2015, Petitioner was arrested for violating the terms of his supervised release due to the filing of new criminal charges involving felonious assault on a police officer. *Id.*

On August 20, 2015, Hutchison was sentenced to a term of 24 months' imprisonment for the violation of the terms of his supervised release. *Id.* He did not file an appeal. *Id.* On November 9, 2016, Hutchison was released from the custody of the Federal Bureau of Prisons and transferred to the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") at TCI, where he began serving his sentence on state criminal charges. *Id.* Mr. Hutchison is currently incarcerated at the Correctional Reception Center in Orient, Ohio, and is no longer in custody at TCI. (ECF No. 13 at 8).

### B. Procedural Background

On July 16, 2024, Hutchison filed a *pro se* Complaint against twenty-nine government officials and government bodies under 42 U.S.C. § 1983, asserting various schemes by government officials, challenging his state court convictions and vexatious litigator status, and alleging improper prison conditions and staff misconduct at TCI. (ECF No. 1). On July 31, 2024, Mr. Hutchison filed a "Motion to Comply," seeking an injunction against prison staff at TCI for alleged interference with his legal mail. (ECF No. 4). On November 18, 2024, Mr. Hutchison filed a

"Motion to Amend/Remove Defendants," seeking to replace Defendant President Joe Biden with President-Elect Donald Trump, adding several other Defendants including Elon Musk, Justice Samuel Alito, Ghislaine Maxwell, and Nicki Minaj, and claiming responsibility for various hacking activities. (ECF No. 6).

On November 20, 2024, Mr. Hutchison filed a second "Motion to Amend/Remove Defendants," seeking to replace Attorney General Merrick Garland as a Defendant with then Attorney General nominee Matthew Gaetz, and simultaneously threatening ransomware attacks should any filings be "blocked" by the courts. (ECF No. 7). On December 7, 2024, Mr. Hutchison filed a Motion to Amend/Correct Injunction, which consists entirely of political ramblings and delusions that are incomprehensible to this Court. (ECF No. 8).

On December 6, 2024, Magistrate Judge Silvain issued a Report and Recommendation that the Complaint (ECF No. 1) be dismissed, the Motions to Amend (ECF Nos. 6, 7, 8) be denied, and the Motion to Comply (ECF No. 4) be denied as moot. (ECF No. 10). Specifically, the Magistrate Judge read Hutchison's action as asserting three groups of claims that: (1) challenge his federal and state convictions; (2) challenge his vexatious litigator status in Ohio courts; and (3) challenge the conditions of confinement during his incarceration at TCI. The Magistrate Judge recommended dismissal of the first group as barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), explaining that civil actions seeking money damages under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. (ECF No. 10 at 6). As to the second group, the Magistrate Judge found the claims subject to dismissal under the Rooker-Feldman doctrine, noting that federal courts do not have jurisdiction to review and determine the validity of state court judgments, even if a plaintiff claims that his federal constitutional rights were violated at the state level. (*See* ECF No.

10 at 8–9). The Magistrate Judge determined that the third group of claims—regarding Plaintiff's TCI incarceration—was unrelated to the first and second groups and therefore improperly asserted. (*Id*. at 10 –11). The R&R also recommended that the motions to amend be denied, finding that the amended claims Plaintiff seeks to assert are frivolous. (*Id*. at 6 n. 6, 11 –12). Mr. Hutchison subsequently filed three additional motions: a "Motion to Replace Party" (ECF No. 11), a "Motion for Discovery" (ECF No. 12), and a "Motion to Recuse" (ECF No. 13). These matters are now ripe for consideration.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review, however, applies only to "any portion to which a proper objection was made." *Id.* (internal quotation marks and citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For "unobjected portions" of the report and recommendation, a district court "still must satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Parikh*, 708 F. Supp. 3d at 1352 (internal quotation marks and citation omitted).

A general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue to which he or she objects with "sufficient clarity"; otherwise, "that issue is deemed waived." *Parikh*, 708 F. Supp. 3d at 1352 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are

4

dispositive and contentious.")). When a plaintiff is proceeding *pro se*, the court is to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Pro se complaints are to be construed liberally, but "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. LAW AND ANALYSIS

The R&R recommended that Plaintiff's Complaint (ECF No. 1) be dismissed for failure to state a claim; that his Motions to Amend (ECF Nos. 6, 7, 8) be denied; and that his Motion to Comply (ECF No. 4) be denied as moot. Although Mr. Hutchison did not formally object to the R&R, this Court reviews his filings (ECF Nos. 11, 12, 13) to determine whether they liberally can be construed as objections. *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ("It is well established that a pro se pleadings should be construed more liberally than pleadings drafted by lawyers."). While pro se pleadings are liberally construed, however, *id.*, a court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974));

5

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (court may dismiss claim where facts alleged are "fanciful," "fantastic," and "delusional"). For the reasons that follow, this Court concludes that Mr. Hutchison has failed to set forth a proper objection to the R&R, and thus waived *de novo* review of the R&R.

First, Plaintiff's Motion to Replace Party (ECF No. 11), which seeks an injunction and discovery, requests that Defendants President Joe Biden and Merrick Garland be replaced with President Donald Trump and Attorney General Pam Bondi and discusses a "hacking campaign," Bitcoin "hit[ting] $100,000 because of Donald Trump and Elon Musk [] offering bribes to Ohio republicans," Elon Musk being "upset [Hutchison] exposed the fact his cars are junk, his batteries are junk," and various other unrelated conspiracy theories about Russian blackmail, "Big Oil," and Putin and Trump killing his nephew. Even construing the *pro se* filing liberally, Plaintiff's allegations are disjointed, delusional, difficult to decipher, and fail to state a proper basis for objecting to the Report and Recommendation. *See Jenkins v. Mich. Dep't of Corr.*, No. 14-cv-11812, 2015 U.S. Dist. LEXIS 118843, at *3 (E.D. Mich. Sep. 8, 2015) ("A pro se litigant's objection should be liberally construed . . . . But even construing the objection liberally, plaintiff fails to state a proper basis for objecting to the Report and Recommendation." (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)).

Mr. Hutchison's "Motion for Discovery" fares no better. In that motion, he states his intent to call various public officials as witnesses, including U.S. representatives Ilhan Omar and Alexandria Ocasio Cortez. (ECF No. 12 at 2). The remainder of the motion discusses Mr. Hutchison's ability to read ancient texts, referencing Egypt, and an apparent map connecting the Italian Renaissance painter Leonardo da Vinci to dark matter. (*Id.* at 3). This Court cannot discern any relation to the contents of this motion to the Magistrate Judge's R&R.

6

Finally, Mr. Hutchison's "Motion to Recuse" alleges that "all United States District Judges and United States attorneys have a conflict of interest." (ECF No. 13 at 2). He again goes into a lengthy and rambling discussion of various international criminal conspiracies against him and the abuses he endured as a child. (*Id.* at 1-7). While this Court sympathizes with the difficulties Mr. Hutchison may have faced, there remains no reference at all to the Magistrate's R&R that could be interpreted as a specific objection.

Because Hutchison's motions fail to identify any objectionable portion of the Magistrate Judge's findings or conclusions, this Court finds that, even if liberally construed, the motions fail to identify a proper basis for this Court to reject the R&R. *See Millan v. FBI*, No. 22-10006, 2023 WL 2586299, at *3 (E.D. Mich. Mar. 21, 2023) (rejecting filings styled as "objections" to an R&R where they "lend no more coherent substance to the case than the pleadings," "present no developed argument explaining how the allegations in the complaint give rise to any cognizable claim under federal law," "merely reiterate[] and elaborate[] on the surreal narrative that makes up most of the pleadings," and fail to "present any coherent, developed argument identifying any legal error in the magistrate judge's conclusions").

Moreover, although Plaintiff has failed to object properly to the Report and Recommendation, this Court has reviewed the Magistrate Judge's findings and conclusions and agrees that the Complaint is subject to dismissal and that Plaintiff's amendments would be futile. (ECF No 10). *See Tulk v. Democrat Nat'l Comm./Party*, No. 1:20-CV-820, 2020 WL 6334467, at *4 (S.D. Ohio Oct. 29, 2020) (finding allegations of "bizarre conspiracy theories" at best, "general, conclusory, and speculative," and concluding that such "fanciful, fantastic, and delusional claims [] merit dismissal"), *report and recommendation adopted*, No. 1:20-CV-820, 2020 WL 6945957 (S.D. Ohio Nov. 25, 2020); *See Abner v. SBC Ameritech*, 86 F. App'x 958 (6th Cir. 2004)

(explaining that a claim is subject to dismissal when it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Accordingly, this Court adopts the R&R (ECF No. 10) in its entirety. Plaintiff's claims challenging his convictions and unrelated claims challenging the conditions of his TCI confinement are dismissed without prejudice, Plaintiff's claims challenging his vexatious litigator status in Ohio courts are dismissed with prejudice; Plaintiff's motions to amend (ECF Nos. 6, 7, 8) are denied; and Plaintiff's motion to comply (ECF No. 4) is denied as moot.

In light of this Court's dismissal of Plaintiff's claims, this Court denies as moot his Motion to Replace Party and Motion for Discovery (ECF Nos. 11, 12). *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (where a case no longer presents any 'live' issues, the court is unable to grant the requested relief). Additionally, in considering the merits of Plaintiff's Motion to Recuse (ECF No. 13), this Court finds that Mr. Hutchison's claims that "these Federal Judges are trying to conceal and destroy evidence" and "these Judges are criminal," (ECF No. 13 at 4, 7), are too conclusory to articulate any rational basis for relief.[1]  *See Franks v. City of Chattanooga Pub. Works Dep't*, No. 23-5657, 2024 U.S. App. LEXIS 2769, at *5 (6th Cir. Feb. 6, 2024) (explaining that conclusory allegations of a judge's impartiality or bias do not amount to sufficient evidence requiring recusal) (citing *Johnson v. Mitchell*, 585 F.3d 923, 946 (6th Cir. 2009)). Plaintiff's Motion for Recusal (ECF No. 13) is therefore also denied.

---

[1] Federal judges must recuse themselves from proceedings only when their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal analysis is conducted on an objective, rather than subjective, standard and is required only if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)).

## IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** the Magistrate Judge's R&R in its entirety (ECF No. 10). Plaintiff's claims challenging his convictions and unrelated claims challenging the conditions of his TCI confinement are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's claims challenging his vexatious litigator status in Ohio courts are **DISMISSED WITH PREJUDICE**; Plaintiff's Motions to Amend (ECF Nos. 6, 7, 8) and Motion to Recuse (ECF No. 13) are **DENIED**; and Plaintiff's Motion to Comply (ECF No. 4), Motion to Replace Party (ECF No. 11) and Motion for Discovery (ECF No. 12) are **DENIED AS MOOT**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**DATED: March 24, 2025**