IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL HUTCHISON, | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:24-cv-3705 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| PRESIDENT JOE BIDEN, *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before this Court on *pro se* Plaintiff Randall Hutchison's Motions seeking to alter or amend a judgment pursuant to Rule 59 and seeking relief from a judgment or order under Rule 60. (ECF Nos. 18–20). This Court previously adopted the Magistrate Judge's Report and Recommendation dismissing Hutchison's claims. (*See* ECF No. 16). For the following reasons, Plaintiff's Motions are **DENIED.**

I. BACKGROUND

Hutchison presently appears to be[1] in federal custody at the Federal Medical Center in Butner, North Carolina. (*See* ECF No. 22-1). In 2010, he pleaded guilty to conspiring to "falsely make, alter, and pass obligations of the United States and falsely making one or more counterfeit obligations of the United States." *Hutchison v. United States*, 2020 WL 4260955, at *1 (S.D. Ohio July 24, 2020) (Jolson, M.J.), *report and recommendation adopted*, 2020 WL 7342982 (S.D. Ohio Dec. 13, 2020) (Sargus, J.). In 2015, while out on supervised release, he was arrested for felonious

---

[1] Hutchison previously was incarcerated at the Ohio Department of Rehabilitation and Correction's Correctional Reception Center in Orient, Ohio. (ECF No. 16 at 2; *see* ECF No. 18-1). Although his address has changed multiple times (*e.g.*, ECF Nos. 20-1; 22-1), he has not notified this Court of any address change.

assault on a police officer and imprisoned once again. *Id.* In 2016, he was transferred to state custody to begin serving a sentence on state criminal charges. *Id.*

In July 2024, Hutchison filed this suit against 29 government officials and entities, including then-President Joseph R. Biden. (ECF No. 1-1 at 4–6). He alleged that he was the victim of a conspiracy, suggesting his previous convictions were improper due to police, prosecutorial, and judicial misconduct. (*Id.* at 7–26, 34). He also alleged abuse while in prison. (*Id.* at 27–33). Thereafter, he filed a series of motions: a "Motion to Comply" alleging interference with his legal mail in prison, (ECF No. 4 at 1–2); a Motion to Amend and Remove Defendants which discussed Hutchison's purported role in the "world's largest hacking campaign" and a Columbus "ransomware attack" while seeking to replace Defendant President Joseph Biden with President-Elect Donald Trump and add a variety of other individuals as defendants (including Elon Musk, Ghislaine Maxwell, Nicki Minaj, and Associate Supreme Court Justice Samuel Alito), (ECF No. 6 at 1, 4–5); a Motion to replace Attorney General Merrick Garland with Matt Gaetz, (ECF No. 7 at 1); and finally a Motion requesting discovery, repeating his hacking claims, and otherwise consisting of incoherent political ramblings, (ECF No. 8 at 1–6; *id.* at 6 (proclaiming his love for Representative Ilhan Omar)).

In December 2024, the Magistrate Judge recommended that these motions be denied and that Hutchison's Complaint be dismissed. (ECF No. 10 at 2). Afterwards, Hutchison filed a slew of new motions, once more seeking an injunction, requesting to change the Defendants, moving for discovery, and calling for testimony from public officials (including Representatives Omar and Alexandria Ocasio-Cortez), (ECF Nos. 11 at 1; 12 at 1–2), and alleging that federal judges and prosecutors have conflicts of interests and should be recused, (ECF No. 13 at 2). This Court

adopted the Magistrate Judge's Report and Recommendation and denied these new motions in its Opinion and Order issued on March 24, 2025. (ECF No. 16 at 1).

Undeterred, Hutchison has continued his campaign to deluge this Court with "disjointed" and "difficult to decipher" motions. (ECF No. 16 at 6). He has made four additional motions since this Court's March 2025 Opinion and Order—each motion more vulgar and vituperative than the last. First, on March 28, 2025, he moved "to remove Ohio Supreme Court [sic]" and "Amend or remove all Federal Judges," substitute parties, proceed with discovery, and obtain relief under Rules 59 and 60. (ECF No. 18 at 1–2). Hutchison's motion is replete with political conspiracies so far-fetched that even the most ambitious Hollywood screenwriter would be unable to combine them into a reasonable plot. Hutchison suggested that he obtained "Newly Discovered evidence"—apparently, evidence he saw on CNN, MSNBC, and "the TV Show 'The Agency,'" which Hutchison claimed is "about [him] and U.S. Rep. Ilhan [Omar]." (Id. at 2–5, 8). By way of example, Hutchison suggested that the U.S. Attorney General has broadcasted nebulous "threats" on the news, both against Congressional Representatives as well as against himself:

> [W]hile in prison, I send messages to members of CBS News . . . I move this Court to order U.S. Attorney General Pam Bondi to produce all my messages on the getting out App [sic] I use in prison. In the last week [President] Donald Trump and U.S. Attorney General Pam Bondi ha[ve] made numerous threats, by reviewing my getting out message to support threats.

(Id. at 2–3). Hutchison also again complained of his treatment in prison, asserting that he has now been the victim of attempted robbery due to prison staff opening his door and allowing other inmates into his room since he was moved to the Correctional Reception Center. (Id. at 5–6).

Next, on July 15, 2025, Hutchison again suggested that he had "newly discovered evidence" that could be apparent from watching the news, threatened to "file a motion every week" to overcome "District Judges [who] obstruct[] [his] federal proceedings," and called all members of Congress, Fox News, CNN, and MSNBC as material witnesses, while proposing that a series

3

of corporations could testify on his behalf. (ECF No. 19 at 1–2). Hutchison lived up to his promise for the first week, moving for relief under Rules 59 and 60 on July 21. In that motion, he augmented his "newly discovered evidence" argument with a National News Desk news report from July 16, 2025, challenged this Court's previous characterization of his arguments and proceeded to suggest that all member countries of the North Atlantic Treaty Organization could supply evidence in his favor. (ECF No. 20 at 1–2).

Most recently, Hutchison filed a motion on January 14, 2026, seeking to compel the testimony of Attorney General Bondi and FBI Director Kash Patel, digressing with his thoughts on the Epstein files and other news that had occurred over the holidays, and taking the opportunity to continue his diatribe against his supposed political persecution. (ECF No. 22 at 1–2).

## II. LAW & ANALYSIS

*Pro se* litigants are given more latitude than parties proceeding counseled by lawyers. *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). This does not mean, however, that *pro se* litigants benefit from any "lenient treatment of substantive law." *Johnson v. Stewart*, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010). For instance, *pro se* actions that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" divest the federal court of subject matter jurisdiction and may be dismissed by the court on its own accord. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Similarly, actions brought by plaintiffs proceeding *in forma pauperis* may be dismissed "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (courts may dismiss claims as "factually frivolous" where the facts alleged are "fanciful," "fantastic," or "delusional").

4

### A. Motions for Post-Judgment Relief

Hutchison's Motions seek post-judgment relief pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (ECF Nos. 18 at 1; 19 at 1; 20 at 1; *cf.* ECF No. 22). Rule 59 provides procedures for altering or amending a judgment. *See* Fed. R. Civ. P. 59(e). Courts "may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (Marbley, J., by designation). Meanwhile, Rule 60 provides procedures for seeking relief from a final judgment. Aside from clerical mistakes, it allows courts to grant relief on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) fraud, misrepresentation, or misconduct by the opposing side; (4) voidness; (5) the judgment's satisfaction, release, or discharge, or its basis being reversed or vacated, or its prospective inequity; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Hutchison raises both rules in claiming that he has newly discovered evidence.

Hutchison asserts that he has newly discovered evidence. But this proffered evidence appears to be whatever is discussed on the news on any given night that Hutchison happens to see, such as the supposed threats directed at him from Attorney General Bondi. Such assertions, to the extent that they are coherent, are entirely implausible and frivolous; but at any rate, the "evidence" he offers is attenuated and unrelated to any non-frivolous fact in his case. Thus, Hutchison has not shown, as he must, that this new "evidence" is really *evidence* for this Court's purposes. *Westerfield v. United States*, 366 F. App'x 614, 619–20 (6th Cir. 2010) (*Cleveland Plain Dealer* newspaper articles do not qualify as "evidence" for the purposes of Rule 59(e)); *see Christianson*

*v. Harper Holdings, LLC*, 2023 WL 2445556, at *2 (S.D. Ohio Mar. 10, 2023) (newly discovered evidence must be evidence). Similarly, Hutchison cannot show that the "evidence" he offers is material such that it "would have clearly resulted in a different outcome" for the purposes of Rule 60(b)(2). *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018). In sum, the supposed evidence he offers is not evidence at all, at least for the purposes of this lawsuit. Hutchison has failed to meet his burden to show newly discovered evidence that would justify the extraordinary relief of Rules 60(b) and 59(e).

Given Hutchison's *pro se* status, this Court also considers whether there is any other reason justifying relief under Rule 60(b)(6), or whether awarding him relief would prevent manifest injustice pursuant to Rule 59(e). This Court cannot discern any possible manifest injustice or reason that could justify providing Hutchison with the relief he seeks. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008); *see McFarlane v. Warden, Chillicothe Corr. Inst.*, 2019 WL 3501531, at *1 (S.D. Ohio Aug. 1, 2019) (Marbley, J.) (Rule 59(e) relief is an extraordinary remedy to be granted sparingly); *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (Rule 60(b)(6) catchall applies only in exceptional or extraordinary circumstances). Once again, Hutchison has offered this Court nothing that could "lend . . . coherent substance to the case" or might "present [a] developed argument." Instead, he has "reiterate[d] and elaborate[d] on the surreal narrative that makes up most of [his] pleadings." *Hutchison v. Biden*, 2025 WL 892587, at *4 (S.D. Ohio Mar. 24, 2025) (Marbley, J.) (quoting *Millan v. FBI*, 2023 WL 2586299, at *3 (E.D. Mich. Mar. 21, 2023)); *see Tulk v. Democratic Nat'l Comm./Party*, 2020 WL 6334467, at *2 (S.D. Ohio Oct. 29, 2020) (dismissing allegations founded on "bizarre conspiracy theories" that are "illogical to the point of being incomprehensible"); *see also Bearup v. Cintas Corp.*, 2025 WL 887692, at *3

6

(S.D. Ohio Mar. 21, 2025) ("merely reiterat[ing]" a prior points does not provide the extreme and unusual circumstances necessary to merit Rule 60(b)(6) relief). Hutchison appears single-minded in his determination to continue to relitigate issues that this Court has already considered and rejected, which is impermissible. *Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 495 (6th Cir. 2018) (Rule 59(e) not an avenue for unhappy litigants to relitigate issues); *accord Bonds v. Barker*, 2019 WL 168326, at *1 (N.D. Ohio Jan. 11, 2019) (same for Rule 60(b)).

Hutchison has not shown evidence that could possibly impact his case, and this Court concludes that there is no merit to Hutchison's requested relief under either Rule 59 or Rule 60. Hutchison has offered nothing to show manifest injustice resulting from this Court's prior order, nor has he provided any other credible reason for relief. Indeed, his Motions pursuant to Rules 59 and 60 are factually frivolous because they rest on entirely fanciful, fantastic, and imagined allegations, *see Denton*, 504 U.S. at 32–33, as this Court has already suggested in considering the factual basis for his Complaint's allegations. *See Hutchison*, 2025 WL 892587, at *2–4. His Rule 59 Motion to Alter or Amend the Judgment and his Rule 60 Motion for Relief from a Judgment or Order are denied.

### B. Vexatious Litigant

Next, this Court raises—on its own accord—whether Hutchison is a vexatious litigant who should have pre-filing restrictions imposed on him for future litigation. Courts may impose pre-filing restrictions on vexatious litigants to stop the flow of meritless filings and "handle the complaints of prolific litigators." *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Particularly where monetary sanctions might have no effect, as would be the case for plaintiffs filing *in forma pauperis*, courts may issue injunctions to prevent harassing litigation under their inherent authority and pursuant to the All Writs Act. *See Wrenn v. Vanderbilt Univ. Hosp.*, 1995

WL 111480, at *3 (6th Cir. Mar. 15, 1995) (observing that there is no right of access to the courts to prosecute frivolous or malicious actions); 28 U.S.C. § 1651(a) (Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Before imposing a pre-filing restriction, a district court "must still justify its rationale sufficiently" by identifying the litigant's pattern of repetitive, frivolous, or vexatious filings. *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023).

In October 2021, Hutchison petitioned for a writ of mandamus from the Supreme Court of Ohio. At that time, he was serving a twenty-year sentence for shooting a police officer in 2014. In his petition, he named 32 defendants, including then-President Joe Biden, Vice President Kamala Harris, Attorney General Merrick Garland, and District Judge Edmund A. Sargus, Jr., along with the seven justices of the Ohio Supreme Court, Governor Mike DeWine, Ohio Attorney General Dave Yost, and other federal, state, and local officials. The federal defendants then removed the case to the Southern District of Ohio and requested that the Court designate Hutchison a vexatious litigant. *See Hutchison v. DeWine*, 2022 WL 683417, at *1 (S.D. Ohio Mar. 8, 2022) (Jolson, M.J.).

At the time, the Magistrate Judge declined to declare Hutchison a vexatious litigant, reasoning that his "history of litigation before this Court [was] sparse." *Id.* at *4. Although the Magistrate Judge determined that Hutchison had made meritless motions in his 2009 criminal case,[2] that did not mean his conduct had risen "to the level of repetitive, vexatious litigation," particularly given that he had only initiated one action before this Court: a 2015 case[3] against the police officers involved in his arrest for the 2014 shooting. *Id.* at *4–5. Therefore, the Magistrate

---

[2] *United States v. Hutchison*, Case No. 2:09-cr-294 (S.D. Ohio Dec. 17, 2009).
[3] *Hutchison v. Newark Police Dep't*, Case No. 2:15-cv-3057 (S.D. Ohio Dec. 4, 2015).

Judge recommended denial of the vexatious litigant designation but warned Hutchison "that his filing privileges will be curtailed if he engages in vexatious conduct in the future." *Id.* at *5. The District Judge adopted and affirmed the Magistrate Judge's reasoning. *Hutchison v. DeWine*, 2022 WL 2467531, at *1–2 (S.D. Ohio July 6, 2022) (Morrison, J.).

Since that time, Hutchison has initiated this action as well as a separate action seeking a writ of habeas corpus, where he was recently cautioned against making duplicative filings. *Hutchison v. Warden*, 2025 WL 3177352, at *1 (S.D. Ohio Oct. 22, 2025) (Jolson, M.J.), *report and recommendation adopted*, 2025 WL 3473060, at *1 (S.D. Ohio Dec. 3, 2025) (Watson, J.). The Ohio Supreme Court has also declared Hutchison to be a vexatious litigator, prohibiting him "from continuing or instituting legal proceedings . . . without first obtaining leave." *State ex rel. Hutchison v. DeWine*, 2023-Ohio-1444 (Ohio 2023); *see In re Hutchison*, 2025-Ohio-4642 (Ohio 2025). Though this Court will not sanction Hutchison as a vexatious litigant at this time, he is warned again that his filing privileges will be curtailed for continued vexatious conduct. *See Bush v. OPM-Post Ret.*, 2014 WL 3764486, at *1 (S.D. Ohio July 31, 2014).

### III. CONCLUSION

Plaintiff Randall Hutchison's Motions to Alter or Amend the Judgment and Motions for Relief from a Judgment or Order (ECF Nos. 18–20, 22) are **DENIED**. This case remains closed. Though this Court sympathizes with Hutchison's apparent frustration, it **CAUTIONS and REMINDS** him that his filing privileges will be curtailed for vexatious, frivolous, or harassing conduct. This Court further **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis*.

9

The Clerk of Court is **DIRECTED** to send two copies of this Opinion and Order to Hutchison: one to the address indicated on the docket, and one to the address indicated on Hutchison's January 14, 2026 filing. (*See* ECF No. 22-1).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: February 2, 2026**