## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RANDALL HUTCHISON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2:24-cv-3705** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **PRESIDENT JOE BIDEN,** *et al.*, | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter comes before this Court on *pro se* Plaintiff Randall Hutchison's Motions to Compel Testimony (ECF Nos. 28–29) and his Motion to Transfer (ECF No. 30) which seek various relief, including:  (1) the compelled testimony of CIA Director Ratcliffe, National Security Director Tulsi Gabbard, Secretary of Defense Pete Hegseth, Secretary of State Marco Rubio, CNN reporter Madison Mills, Jared Kushner, Elon Musk, Bill Gates, Nicki Minaj, the North Atlantic Treaty Organization, the European Union, the United Nations, Interpol, the International Criminal Court, the European Parliament, the United States Congress, the parliaments and consulates of France, the United Kingdom, Canada, Turkey, Pakistan, Italy, Spain, Germany, Poland, Ukraine, Norway, Finland, and Sweden, and of Boeing, Lockheed Martin, RTX, and Northrup; (2) requested testimony of CNN report[er] [Alayna] Treene; (3) release of "all the 6 million Jeffrey Epstein Files"; and (4) the transfer of "[a]ll records from this case" to the Hutchison's habeas case "in North Carolina Federal courts."  (ECF Nos. 28 at 1; 29 at 1; 30 at 1).

Hutchison styles his two Motions to Compel Testimony as being pursuant to Rules 33–37, 59, and 60 of the Federal Rules of Civil Procedure.  But this case has been closed since March 2025, so Hutchison's request for relief under Rules 33–37 is improper.  And this Court previously

1

denied earlier motions seeking post-judgment relief under Rules 59 and 60 as being meritless. *Hutchison v. Biden*, 2026 WL 265628, at *2–3 (S.D. Ohio Feb. 2, 2026) (Marbley, J.) (ECF No. 23 at 5–7). These new motions may also cite Rules 59 and 60, but they do not advance any cognizable argument—instead, they abuse the Court. At any rate, they are frivolous and facially devoid of merit. (ECF Nos. 28 at 1; 29 at 1). The Motions to Compel Testimony are denied.

Next, Hutchison's Motion to Transfer asks this court to send "[a]ll records from this case" to "courts in North Carolina Federal courts [sic]." (ECF No. 30 at 1). Hutchison did petition for a writ of habeas corpus in the U.S. District Court for the Eastern District of North Carolina on January 23, 2026. *Hutchison v. Bondi*, No. 5:26-hc-02013-D (E.D.N.C.). But Hutchison provides no basis for his request to transfer records from this case, other than his belief that this Court and the Sixth Circuit have "ignore[d] both Federal and International law." (ECF No. 30 at 1). This Motion is also denied, but without prejudice to its renewal should Hutchison wish to refile it and provide a legal basis for his request.[1]

This case remains closed. Plaintiff Randall Hutchison's Motions to Compel Testimony (ECF Nos. 28–29) are **DENIED with prejudice**; his Motion to Transfer Record (ECF No. 30) is **DENIED without prejudice**. Hutchison has been warned multiple times of the consequences of making frivolous filings: being declared a vexatious litigator and facing pre-filing injunctions.[2]

---

[1] To the extent Hutchison believes that there is something in this record that might inform his habeas petition before the Eastern District of North Carolina, nothing prevents him from requesting the Eastern District of North Carolina take judicial notice of this Court's docket. Courts "may properly take judicial notice of matters of public record." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023). This includes notice of proceedings in other courts. *See Withhohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (per curiam); *accord Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020).

[2] *Hutchison v. Biden*, 2026 WL 265628, at *4–5 (S.D. Ohio Feb. 2, 2026) (Marbley, J.) (ECF No. 23 at 7–9) (citing *Hutchison v. DeWine*, 2022 WL 683417, at *1 (S.D. Ohio Mar. 8, 2022) (Jolson, M.J.); *State ex rel. Hutchison v. DeWine*, 2023-Ohio-1444 (Ohio 2023); *In re Hutchison*, 2025-Ohio-4642 (Ohio 2025)).

While Hutchison's Motion to Transfer (ECF No. 30) does not seem frivolous,[3] his Motions to Compel Testimony (ECF Nos. 28–29) continue down the well-trod path of meritless filings that spew vitriol at the Court and offer conclusory conspiracy theories.  The Court has tolerated Hutchison's invective thus far in light of his status as a *pro se* prisoner litigant, but any further meritless, profanity-laden filings will lead to Hutchison being enjoined and unable to continue filing documents in this matter.

The Clerk of Court is **DIRECTED** to send two copies of this Order to Hutchison:  one to the address indicated on the docket, and one to the address indicated on his more recent filings. (*See* ECF Nos. 22-1; 30-1).  The Clerk of Court is **FURTHER DIRECTED** to send a courtesy copy of this Order—noting that it relates to *Hutchison v. Bondi*, Case No. 5:26-hc-02013-D—to:

Peter A. Moore, Jr., Clerk of Court
U.S. District Court for the Eastern District of North Carolina
PO Box 25670
Raleigh, North Carolina 27611

Last, this Court **DECLINES** to issue a certificate of appealability for this Order and **CERTIFIES** to the Sixth Circuit that any appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 16, 2026**

---

[3] The Motion to Transfer (ECF No. 30) is improper procedurally for a distinct reason:  it lacks Hutchison's signature.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").  One Motion to Compel Testimony also clearly lacks any signature.  (ECF No. 29).