**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDALL HUTCHISON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2:24-cv-3705** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **PRESIDENT JOE BIDEN,** *et al.*, | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

This matter comes before the Court on various filings submitted by *pro se* Plaintiff Randall Hutchison. These filings are variously styled as seeking relief under Federal Rules of Civil Procedure 27–37, 59, and 60. The first seeks to introduce evidence from filings Hutchison has submitted in other cases. (ECF No. 34). The remainder are disjointed and, at times, incoherent, but they generally appear to seek compel or request testimony of individuals, corporations, U.S. governmental bodies, sovereign nations, and multinational organizations. (ECF Nos. 35–37). The Court need not linger on any filing in particular, as all are facially without merit. For the following reasons, Hutchison's Motions (ECF Nos. 34 –37) are **DENIED**. The Court finds Hutchison to be a vexatious litigant, and enjoins him from further filing.

First, Hutchison makes a "Motion to Transfer Filing," arguing that the Court must docket in this matter a motion he submitted in *Hutchison v. Warden*, No. 2:25-cv-281, and must accept new evidence submitted in his currently-pending appeal of this case. (ECF No. 34 at 1). Hutchison provides only a perfunctory argument on these points, and does not provide any legal authority in support. This Motion fails for that reason alone. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Moreover, as the Court already informed Hutchison in addressing a similar request, federal courts can "take judicial notice" of material on the dockets of other courts.

1

*Hutchison v. Biden*, 2026 WL 768835, at *1 n.1 (S.D. Ohio Mar. 18, 2026) (Marbley, J.) (ECF No. 33).  Hutchison's perfunctory request is recycled, devoid of merit, and moot—therefore, it is denied.

Second, Hutchison seeks to compel the testimony from various individuals and entities. (ECF Nos. 35–37).  The Court already denied prior requests of Hutchison to compel testimony from many of these individuals, entities, and countries.  *Hutchison*, 2026 WL 768835, at *1 (citing ECF Nos. 28–29).  As before, Hutchison's requests "do not advance any cognizable argument," but instead are conspiracy-laden manifestos, legally "frivolous and facially devoid of merit."  *Id.* By way of example, Hutchison premises his legal arguments on his purported status as an asset of the North Atlantic Treaty Organization.  (*E.g.*, ECF Nos. 35 at 4–5 ("Judge Marbley, I am your fucking asset.  As a NATO Asset, U.S. Congress you must block Trump and the 'Fraud Family' [sic]. . . . Thus, Judge Marbley, I am fucking above your pay grade, I am your asset."); 36 at 2). Hutchison's requests are so unsound as to be foreclosed by the prior reasoning of the Court.  *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974).  The Court adopts its prior reasoning in rejecting Hutchison's attempt to proffer conspiracy theory as newly-discovered evidence in this matter, which is closed.  *Hutchison*, 2026 WL 768835, at *1; *see Hutchison v. Biden*, 2026 WL 265628, at *2–3 (S.D. Ohio Feb. 2, 2026) (Marbley, J.) (ECF No. 23).  Hutchison's motions to compel lack legal merit and ignore the prior decisions of the Court.  They are also denied.

The Court previously cautioned Hutchison multiple times that any further "meritless filings that spew vitriol at the Court and offer conclusory conspiracy theories . . . will lead to Hutchison being enjoined and unable to continue filing documents in this matter."  *Hutchison*, 2026 WL 768835, at *2; *see, e.g.*, *Hutchison*, 2026 WL 265628, at *4 ("Though the Court will not sanction Hutchison as a vexatious litigant at this time, he is warned again that his filing privileges will be

curtailed for continued vexatious conduct."); *Hutchison v. DeWine*, 2022 WL 683417, at *5 (S.D. Ohio Mar. 8, 2022) (Jolson, M.J.) (cautioning Hutchison against vexatious conduct).  Hutchison has also been cautioned against making duplicative filings.  *Hutchison v. Warden*, 2025 WL 3177352, at *1 (S.D. Ohio Oct. 22, 2025) (Jolson, M.J.).

Hutchison has ignored these warnings, flooding the Court with motions that are frivolous, harassing, and duplicative.  He has no right to do so.  When Hutchison continually files repeat motions that lack substance and ignore the Court's prior rulings, he does so at public expense, "divert[ing] the federal courts' attention and resources from [actions] that are brought in good faith."  *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995).  Hutchison does not have a right of access to the federal courts to continue this process.[1]  The Court has inherent authority to enjoin harassing litigation under the All Writs Act.  *Id.*; 28 U.S.C. § 1651(a) (Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").  Accordingly, Randall Hutchison is **ENJOINED AND PROHIBITED** from submitting further filings in the matter of *Hutchison v. Biden*, Case No. 2:24-cv-3705, until the United States Court of Appeals for the Sixth Circuit has ruled on his currently-pending appeal.  The Clerk of Court **SHALL NOT** accept further filings from Hutchison in this matter until that time.  Any further filings received from Hutchison prior to the Sixth Circuit's ruling shall be disposed of accordingly.

Furthermore, the Court finds that Hutchison is a vexatious litigator, and shall be subject to prefiling restrictions for any future cases that he may initiate in this Court.  Randall Hutchison is **ENJOINED AND PROHIBITED** from initiating future cases in this Court unless he:

---

[1] His access to state courts has also been curtailed; the Ohio Supreme Court found him to be a vexatious litigator. *State ex rel. Hutchison v. DeWine*, 2023-Ohio-1444 (Ohio 2023).

i.  Submits a statement from an attorney licensed to practice in the United States District Court for the Southern District of Ohio certifying that the filing is not frivolous, duplicative, or brought for an improper purpose; or

ii.  Seeks and obtains leave of the Court for permission, by first filing a "Motion Pursuant to Court Order Seeking Leave to File" with his proposed filings included.

Any future case that Hutchison initiates **SHALL** include:  (1) a copy of this Opinion and Order; and (2) an exhibit listing the case name, case number, and court of every suit that Hutchison has filed (or has been filed on his behalf) in any state or federal court, along with the names of every defendant in every suit.  Hutchison's failure to comply with this pre-filing restriction shall be sufficient grounds for closure of any newly-initiated case, and may lead to punishment for contempt of court.  Absent compliance with the above restrictions, the Clerk of Court **SHALL NOT** accept future *pro se* filings from Randall Hutchison, and is instructed to dispose of such non-compliant documents accordingly.

The Clerk of Court is **DIRECTED** to send two copies of this Opinion to Hutchison:  one to the address indicated on the docket, and one to the address indicated on his more recent filings. (*See* ECF No. 37-1).  Last, the Court **DECLINES** to issue a certificate of appealability for this Order and **CERTIFIES** to the Sixth Circuit that any appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 30, 2026**

4